IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS and ST. JOHN
APPELLATE DIVISION

EDWARD EDLOW DAY IV a/k/a )
EDLOW DAY, )
 )
        Appellant, ) D.C. Crim. App. No. 1997-0063
   v. ) Super. Ct. Crim. No. 524/1996
 )
GOVERNMENT OF THE VIRGIN ISLANDS, )
 )
        Appellee. )
 )

On Appeal from the Superior Court of the Virgin Islands
The Honorable Ive A. Swan, Judge Presiding

Considered: June 22, 2012
Filed: October 7, 2015

BEFORE: CURTIS V. GÓMEZ,[1] Judge of the District Court of the Virgin Islands, and WILMA A. LEWIS, Chief Judge of the District Court of the Virgin Islands.[2]

Attorneys:

Daniel L. Cevallos, Esq.
Philadelphia, PA
       For the Appellant,

Maureen Cormier, Esq.
Tiffany V. Monrose, Esq.
St. Thomas, USVI
       For the Appellee.

---

[1] At the time this case was considered by the Court, the Honorable Curtis V. Gómez was the Chief Judge of the District Court of the Virgin Islands.

[2] While the Honorable Darryl D. Donohue, Sr., former Presiding Judge of the Superior Court of the Virgin Islands, sat on the panel that considered this matter, he retired before the decision was issued.

*Edward Day v. Government of the Virgin Islands*
D.C. Crim. App. No. 1997-0063
Memorandum Opinion
Page 2

## MEMORANDUM OPINION

Edward Edlow Day IV a/k/a Edlow Day ("Day") challenges his conviction in the Superior Court of the Virgin Islands for aggravated assault. For the reasons stated below, the Court will vacate Day's conviction and remand the case to the Superior Court for imposition of a conviction and sentence for the lesser-included offense of simple assault and battery.

### I. FACTUAL AND PROCEDURAL POSTURE

This matter arises out of a Superior Court bench trial where the appellant, an adult male, was convicted of aggravated assault and battery stemming from an altercation with an adult female employee of the Virgin Islands Department of Human Services ("DHS").

On September 18, 1996, Edward Day V, ("Edward Jr.") was a minor child. (Trial Tr. vol. 3, 21, February 27, 1997.) The appellant, Edward Day IV ("Appellant" or "Day") is Edward Jr.'s father. (*Id.* at 114.) When the incident underlying this action occurred, Edward Jr. was enrolled in the half-day session at Knud Hansen Headstart Day Care Center on St. Thomas ("Headstart"). The half-day session ended at 11:30 a.m. (*Id.* at 21.)

Headstart's Social Service Aide, Elise M. Moore ("Moore") testified that, on at least one occasion prior to the incident at

Case: 3:97-cr-00063-CVG-GWB   Document #: 71   Filed: 10/07/15   Page 3 of 19

*Edward Day v. Government of the Virgin Islands*
D.C. Crim. App. No. 1997-0063
Memorandum Opinion
Page 3

issue, Edward Jr. had been picked up late. (*Id.* at 26-27.) Moore testified that Appellant had been informed that when a parent does not pick up their child on time, Headstart's policy was for the teacher to inform the administrative office, then to attempt to contact the parent. (Trial Tr. at 22-25, 83, 91.)  If the teacher could not reach the parent, then the administrative office would attempt to reach the parent.  If the administrative office could not contact the parent, Headstart employees would take the child to the Zone A police station on St. Thomas and/or file a complaint of neglect. (*Id.* at 23.)

Social Service Aide, Sherlynn Clause ("Clause") testified that she had informed Day about the late parent policy prior to the September 18, 1996, incident at issue. (*Id.* at 83-84.)  On that prior occasion, Day responded to Clause by becoming "loud and angry," and telling Clause that, "he will do as he want to do" and that he would be intentionally late to pick up Edward Jr. (*Id.* at 84.)

On September 18, 1996, Day did not pick up his son from Headstart at 11:30 a.m. (*Id.* at 178.)  After the program ended, Day called Headstart and spoke to Ms. Moore several times. (*Id.* at 186.) Day demanded that Edward Jr. be brought to Day's home. (*Id.* at 23-25.)  Moore responded that Headstart's only option was to bring Edward Jr. to the police station.  Day told her that, "[the

*Edward Day v. Government of the Virgin Islands*
D.C. Crim. App. No. 1997-0063
Memorandum Opinion
Page 4

Headstart employee] better bring my child home," "he knew I didn't live at DHS. I had to live somewhere. He'll find where that place was and make me pay." (*Id.* at 24.)

Moore called the Assistant Commissioner of DHS, Catherine Mills ("Mills"), who advised her to contact Ione Kitnurse ("Kitnurse"), who was the DHS District Manager for the Office of Intake and Emergency Services. (*Id.*)  Kitnurse met Moore at Headstart, and at approximately 3:55 p.m., Clause, Moore and Kitnurse drove Edward Jr. to the Zone A Norre Gade police station on St. Thomas.³ (*Id.* at 29, 85, 103, 104.)

While the three DHS workers were walking Edward Jr. from the parking lot into the police station, Day arrived at the scene, exited his vehicle, and charged towards the three women while asking, "[w]ho is Ms. Moore?" (*Id.* at 30-31, 86, 107, 194, 283, 297.) Kitnurse stood between Moore, Edward Jr., and the oncoming Day. (*Id.* at 86, 107-108.)  Kitnurse testified that she raised her arm in a posture to defend Moore. (*Id.* at 96, 107.)

Day shoved Kitnurse against the wall. (*Id.* at 86-88.)  He then attempted to reach his son. (*Id.*) Kitnurse maneuvered her body to block Day from the child and a struggle for Edward Jr. ensued. (*Id.*

---

³ Here, the accounts differ.  Day testified that he arrived at Headstart to pick up his son at approximately 3:43 p.m. and that his child was gone. (Trial Tr. at 189.) Day also testified that Moore told him that he had until 5:00 p.m. to pick up Edward Jr., and that thereafter, Headstart would take Edward Jr. to the Norre Gade police station. (*Id.* at 187-188.)

*Edward Day v. Government of the Virgin Islands*
D.C. Crim. App. No. 1997-0063
Memorandum Opinion
Page 5

at 88.) Kitnurse physically held Day by the shirt. (*Id.* at 108, 144, 146, 182.) Day repeatedly said "give me my son. Give me my son." (*Id.* at 109.) Clause ran into the police station to get help. Police officers emerged. They separated Day and Kitnurse and took possession of Edward Jr. (*Id.* at 109, 200.) The child was returned to his father the following day. (*Id.* at 207.)

As a result of the altercation, Kitnurse complained that she was hit in the stomach; suffered lacerations to her right arm; experienced back pain; and later experienced emotional trauma. (*Id.* at 110-111.) On the evening of the incident, she was treated at the emergency room. (*Id.* at 111.) Kitnurse later received physical therapy. (*Id.*)

Moore and Kitnurse filed a police incident report. Because Day is an adult male, and the victim is an adult female, Day was charged with one count of aggravated assault and battery for the altercation with Kitnurse, in violation of V.I. CODE ANN. tit. 14, § 298(5).

On February 27, 1997, the Superior Court[4] held a one-day bench trial.[5] Day was represented by a Territorial Public Defender. Kitnurse, Moore, and Clause identified Day as the man who attacked them.[6] After criticizing Day, the trial judge found him guilty of aggravated assault, in violation of 14 V.I.C. § 298(5). (*Id.* at 288-305.) On April 10, 1997, the Superior Court sentenced Day to a six month term of incarceration, a fine of $500.00, court costs of twenty-five dollars and restitution for Kitnurse's medical expenses. (App. vol. 1 at 2, 14.) On April 14, 1997 Appellant's timely *pro se* notice of appeal followed.[7] (*Id.* at 2, 19.)

---

[4] At the time the trial court considered this matter, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to the Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this change, we employ the term Superior Court throughout this opinion.

[5] In this case, V.I. CODE ANN. tit. 14, § 4 was invoked. In 1996, this statute authorized trial judges to exercise their discretion to hold a bench trial in misdemeanor cases. *Id.* In such cases, trial judges were permitted to limit the term of imprisonment to six months. *Id.* The charge against Appellant was a misdemeanor. *See* 4 V.I.C. § 298(7)(a person convicted of aggravated assault shall be . . . imprisoned not more than 1 year"); *see also* V.I. CODE ANN. tit. 14 § 3(a) ("every crime or offense declared to be a misdemeanor is punishable by . . . imprisonment not exceeding one year).

[6] Akeila Goeter, Appellant's ten year old daughter, who was in Appellant's car at the time of the incident, testified at trial. (Trial Tr. at 241.) However, fourteen pages of her testimony are not included in the record submitted, between the beginning of Goeter's testimony at 241-245, and the testimony of DHS Assistant Commissioner Mills at 259. (*See id.* at 245, 259.)

[7] Day was sentenced over eighteen years ago. The delays in reaching the merits of this matter have been caused by a combination of protracted appellate litigation, multiple substitutions of Day's appellate counsel, and court delays.

## II. JURISDICTION

This Court has jurisdiction over appeals of final judgments or orders that were entered before January 29, 2007. *See* Revised Organic Act of 1954 23A, 48 U.S.C. § 1613(a); Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004); *see also Gabriel Joseph v. People of V.I.*, No. 2005-13, 2008 WL 5663569, at *5 (D.V.I. App. Div. 2008).[8]

## III. ISSUES PRESENTED

Appellant's brief raises three issues: (1) whether the aggravated assault statute violates the Equal Protection Clause; (2) whether there was insufficient evidence to sustain a conviction for aggravated assault and battery because Day was lawfully trying to retrieve his child from the custody of others; and (3) whether Appellant was selectively prosecuted because similarly situated females were not prosecuted for aggravated assault.[9]

---

[8] The Court's jurisdiction to review criminal judgments and orders of the Superior Court entered prior to January 29, 2007, is limited to cases in which the defendant has been convicted, and has not entered a guilty plea. *See* V.I. CODE ANN. tit. 4, § 33 (2006); 48 U.S.C. § 1613(a) (2006).

[9] Although Day lists a fourth issue in his brief - failure of the prosecution to meet its burden to disprove Day's defense - the Court finds that the fourth issue is simply a restatement of Day's insufficiency of the evidence argument.

Case: 3:97-cr-00063-CVG-GWB   Document #: 71   Filed: 10/07/15   Page 8 of 19

*Edward Day v. Government of the Virgin Islands*
D.C. Crim. App. No. 1997-0063
Memorandum Opinion
Page 8

## IV. <u>STANDARD OF REVIEW</u>

### A. Constitutionality of a Statute

The standard of review for questions of law is plenary. *See, e.g., United States v. Thomas*, 456 F. App'x 85, 87 (3d Cir. 2011).

### B. Insufficiency of the Evidence

When reviewing a sufficiency of the evidence claim, we apply a deferential standard of review. *United States v. Moyer*, 674 F.3d 192, 206 (3d Cir. 2012). We will review the evidence in the light most favorable to the government and will affirm if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See id.* When determining the sufficiency of the evidence, the government is given the benefit of all reasonable inferences that can be drawn from the evidence. *Id.*

A defendant challenging the sufficiency of the evidence bears a heavy burden. *United States v. Dragn*, 359 F. App'x 332, 334 (3d Cir. 2009). He must prove that, even when the evidence, both direct and circumstantial, is viewed in the light most favorable to the verdict, and even when the government is given the benefit of all inferences which can be drawn from it, no rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *United States v. Starnes*, 583 F.3d 196, 206 (3d Cir. 2009). In making this determination,

circumstantial evidence is considered to be just as probative as direct evidence. *See United States v. Young*, 532 F. App'x 259, 263 (3d Cir. 2013). A finding of guilt may be based solely on circumstantial evidence. *United States v. Iglesias*, 535 F.3d 150, 156 (3d Cir. 2008). This is particularly so when proving the element of intent. *United States v. Lawrence*, 349 F.3d 109, 120 (3d Cir. 2003) ("circumstantial evidence is usually the only possible proof of the [defendant's] mental processes. . .").

## V. ANALYSIS

### A. Constitutionality of the Aggravated Assault Statute

Day argues that the aggravated assault statute is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment. He claims that the use of gender as an element of "enhancement" cannot be justified as required under the Constitution.

Title 14 of the Virgin Islands Code, Section 298(5) states, in pertinent part that:

> Whoever commits an assault and battery . . . being an adult male, upon the person of a female or child, or being an adult female, upon the person of a child . . . shall be fined not more than $500 or imprisoned not more than 1 year, or both[.]

V.I. CODE ANN., tit. 14, § 298(5) ("Section 298(5)").

Section 298(5), by its terms, escalates simple assault and battery to an aggravated assault and battery where the assault and

Case: 3:97-cr-00063-CVG-GWB   Document #: 71   Filed: 10/07/15   Page 10 of 19

*Edward Day v. Government of the Virgin Islands*
D.C. Crim. App. No. 1997-0063
Memorandum Opinion
Page 10

battery is perpetrated by an adult male against an adult female. V.I. CODE ANN., tit. 14, § 298(5); *Simmonds v. Virgin Islands*, 55 V.I. 1069, 2011 WL 3290200, at *2 (D.V.I. App. Div. July 29, 2011). "The statute does not, however, graduate simple assault to aggravated assault when an adult male perpetrates the offense against another adult male or if an adult female perpetrates the offense against another adult female." *Simmonds*, 2011 WL 3290200, at *2; *see* V.I. CODE ANN., tit. 14, § 298(5). Nor does the statute graduate simple assault to aggravated assault when an adult female perpetrates the offense against an adult male. *See* V.I. CODE ANN., tit. 14, § 298(5). If Day and Kitnurse had been the same gender, or if Day were female and Kitnurse a male, then Day would have faced criminal liability only for simple assault in violation of V.I. CODE ANN. tit. 14, § 299. As such, men and women are treated differently under the aggravated assault statute.

This Court has previously found that Section 298(5) violates the Equal Protection Clause of the Fourteenth Amendment. *See generally Charleswell v. Virgin Islands*, Crim. App. No. 2006-28 (D.V.I. App. Div. Nov. 5, 2013); *Humienny v. Virgin Islands*, --- F. Supp. 3d ---, 2015 WL 511193 (D.V.I. App. Div. 2015); *see also Webster v. People*, 60 V.I. 666 (V.I. 2014). In *Charleswell*, this Court considered whether the Government had supplied any rationale that could withstand the intermediate scrutiny applied in cases of

*Edward Day v. Government of the Virgin Islands*
D.C. Crim. App. No. 1997-0063
Memorandum Opinion
Page 11

gender-based discrimination. *See Charleswell*, Crim. App. No. 2006-28. The Government asserted then, as it does now, that the Virgin Islands Legislature had intended to address both gender-based domestic violence and the Legislature's judgment, based on the general physical stature of men and women, that women needed special protection. *Id*. This Court undertook a review of the legislative history of the aggravated assault statute, as well as the Virgin Islands Code itself. *Id*. The Court could find no suggestion that addressing gender-based domestic violence was the purpose of the aggravated assault statute. *Id*. This Court further found that the Legislature's reliance on stereotypes about the physical capabilities of both men and women was not a permissible justification for a gender-based classification. *Id*.

A finding that a statute is facially unconstitutional makes that statute void *ab initio*. *See, e.g., Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002); *see also Vogel v. Pennsylvania*, 790 F.2d 368, 379 (3rd Cir. 1986). It is as though the statute was never passed. *Alexander*, 294 F.3d at 629.

The sub-section under which Day was convicted for aggravated assault was, in essence, never a valid law. *See id*. Because Section 298(5) is unconstitutional, we will vacate Day's judgment of

*Edward Day v. Government of the Virgin Islands*
D.C. Crim. App. No. 1997-0063
Memorandum Opinion
Page 12

conviction and sentence with regard to that sub-section of the statute.[10]

### B. Sufficiency of Evidence

Day argues that the Superior Court erred in finding that the government adduced sufficient evidence at trial to support a conviction for assault. Day argues first that there was insufficient evidence to find that he committed assault and battery. Day also argues that the government failed to disprove his affirmative defense.

### 1. Assault and Battery

Where a conviction of aggravated assault and battery is vacated by a court on the basis that the aggravating factor is unconstitutional, Virgin Islands courts have turned to the lesser-included offense of simple assault and battery. *See e.g.*, *Charleswell*, Crim. App. No. 2006-28 (D.V.I. App. Div. 2013); *People v. McGowen*, 56 V.I. 3, 2012 WL 219406, at *10 (Super. Ct. Jan. 11, 2012); *see generally United States v. Petersen*, 622 F.3d 196, 205-07, 54 V.I. 929 (3d Cir. 2010); *Virgin Islands v. Josiah*, 641 F.2d 1103, 1108 (3d Cir. 1981)("When the evidence is insufficient to support the greater offense, but sufficient to support a conviction

---

[10] Day also argues that his prosecution for aggravated assault was impermissibly selective on the basis of gender. As the Court will vacate Day's conviction for aggravated assault because the statute violates the Equal Protection Clause, the Court need not reach the issue of selective prosecution.

*Edward Day v. Government of the Virgin Islands*
D.C. Crim. App. No. 1997-0063
Memorandum Opinion
Page 13

on the lesser-included offense, an appellate court may vacate the sentence and remand for entry of judgment of conviction and resentencing under the lesser-included offense."). *But cf. Webster v. People*, 60 V.I. 666 (V.I. 2014)(reversing defendant's aggravated assault conviction without instructing the trial court to enter a judgment on the lesser-included offense of simple assault).

Assault and battery is defined by the Virgin Islands Code as the use of unlawful violence with the intent to injure. V.I. CODE ANN., tit. 14, § 292.

Day argues that there was insufficient evidence to support his conviction. In determining the sufficiency of the evidence for a conviction, courts look at the totality of the evidence, both direct and circumstantial, in the light most favorable to the government. *Starnes*, 583 F.3d at 206. The Court must determine if, in that light, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 424-25 (3d Cir. 2013).

At trial, Moore testified that Day said: "[the Headstart employee] better bring my child home," and "he knew I didn't live at DHS. I had to live somewhere. He'll find where that place was and make me pay." (Trial Tr. at 24.) Ms. Moore conveyed this conversation to Ms. Kitnurse. Ms. Kitnurse testified that Day: later demanded in an angry tone that the DHS employees identify Ms.

*Edward Day v. Government of the Virgin Islands*
D.C. Crim. App. No. 1997-0063
Memorandum Opinion
Page 14

Moore; charged at the three DHS employees; and pushed Ms. Kitnurse against the wall. Day corroborated that he charged towards the women who then had custody of Edward Jr., when he testified that he ran "full speed[,]" "straight to my son." (*Id.* at 194, 195.) Ms. Kitnurse's testimony was further corroborated by the testimony of Ms. Clause, who told the court that she observed Day shove Ms. Kitnurse against the police station wall after Kitnurse raised her arm to defend Ms. Moore. (Id at 86.) Kitnurse testified about physical injury as a result of her contact with Day. (*Id.* at. 110-111.) Kitnurse and Moore identified Day in court as the person who attacked them on September 18, 1996. (*Id.* at 38, 112.)

The Third Circuit has held that even the uncorroborated testimony of a sole witness, standing alone, is sufficient to uphold a conviction. *See, e.g., United States v. Perez*, 280 F.3d 318, 344 (3d Cir. 2002); *see also Lewis v. Government of the Virgin Islands*, 77 F. Supp. 2d 681, 684 (D.V.I. App. Div. 1999), *aff'd*, 215 F.3d 1314 (3rd Cir. 2000). Thus, in this case, the victim's corroborated testimony was certainly sufficient to convict the Appellant.

Moore's testimony concerning Day's telephone threats, coupled with Day charging at the women, was sufficient to demonstrate Day's intent to injure. (*Id.* at 27-30, 124.) Kitnurse's testimony that Appellant aggressively yelled at all three DHS employees, demanded

*Edward Day v. Government of the Virgin Islands*
D.C. Crim. App. No. 1997-0063
Memorandum Opinion
Page 15

that Ms. Moore be identified, physically charged at them, and pushed Ms. Kitnurse against the wall was further evidence of Day's intent to injure. The evidence also demonstrated that Day used unlawful violence and did actually injure Ms. Kitnurse. Given this evidence, a rational fact-finder could find beyond a reasonable doubt that Day was guilty of assault and battery.

### 2. Affirmative Defense

The United States Court of Appeals for the Third Circuit has recognized that the defense of resistance by a person about to be injured is available against a variety of charges, including murder and assault. *See, e.g.*, *Virgin Islands v. Fonesca*, 274 F.3d 760, 767, 44 V.I. 336 (3d Cir. 2001). The Virgin Islands Code also recognizes a defense of resistance by a person about to be injured. Title 14, Section 41 of the Virgin Islands Code ("Section 41") authorizes "[a]ny person about to be injured" to "make resistance sufficient to prevent . . . an offense against his person or his family or some member thereof." V.I. CODE ANN. tit. 14, § 41(2). Once a defendant raises such a defense, the government bears the burden of proving beyond a reasonable doubt that the defendant did not act in his own or another's defense. *See, e.g.*, *Marcelle v. Virgin Islands*, 55 V.I. 536 (V.I. 2011)(citing to *Virgin Islands v. Isaac*, 50 F.3d 1175, 1179 (3d Cir. 1995)).

*Edward Day v. Government of the Virgin Islands*
D.C. Crim. App. No. 1997-0063
Memorandum Opinion
Page 16

"Whether or not a defendant acted in self-defense hinges on the defendant's subjective beliefs and the objective reasonableness of these beliefs." *Gov't of the Virgin Islands v. Robinson*, 29 F.3d 878, 882 (3d Cir. 1994); *see also Fonesca*, 274 F.3d at 768. "[U]nder Virgin Islands law, once a defendant introduces evidence from which the jury could find the elements of self-defense, the prosecution has the burden of proving its absence beyond a reasonable doubt." *Robinson*, 29 F.3d at 882; *see also Jackson-Flavius v. People*, 57 V.I. 716 (V.I. 2012)(jury was properly instructed when told "[o]nce the Defendant presents some evidence that she acted in self-defense, [t]he People have the burden of proving the absence of self-defense beyond a reasonable doubt).

On appeal, Day argues that his testimony about his efforts to retrieve Edward Jr. from the Headstart employees was sufficient to raise a "defense of others" defense. Appellant's Brief at 27. At trial, however, there was no evidence proffered that Day's son was in danger of any harm or "an offense" against his person. *See* 14 V.I.C § 41. The victims were DHS employees, in the business of child care. Day's son had been in Headstart's care on the day of the incident, but he had not been picked up at 11:30 a.m. after the conclusion of the half-day session. Day had been informed of the late parent policy and was therefore aware that children could be taken to the police station by Headstart employees if not timely

Case: 3:97-cr-00063-CVG-GWB   Document #: 71   Filed: 10/07/15   Page 17 of 19

*Edward Day v. Government of the Virgin Islands*
D.C. Crim. App. No. 1997-0063
Memorandum Opinion
Page 17

picked up. Based on Day's conversations with Moore on the day in question, Day was also aware that Moore's response to Day's demand that Edward Jr. be brought to his home was that Headstart's only option was to take Edward Jr. to the police station. The employees were in the parking lot of a local police station, leading Day's son by the hand, when Day confronted them. There was no testimony that Edward Jr. was struck or mishandled while in DHS custody. There was no evidence that the DHS employees raised their voices or were aggressive towards Edward Jr. There was no evidence presented that the child was crying or distraught as he was being led by his caregivers, or that Edward Jr. was at risk of harm or danger.

Before the attack, Day knew that his child was in the care of day care employees because he had called Ms. Moore earlier that day demanding that she bring Edward Jr. to Day's house. During the attack, Day knew his child was in the custody of the same child care workers, because he angrily inquired "who is Ms. Moore" as he came running "full speed" towards them. (Trial Tr. at 194.) There was no evidence that Day had a subjective belief that his child was at risk of danger or harm while in the custody of the DHS employees he aggressively approached. Nor, under the circumstances, could any such purported belief be deemed objectively reasonable.

*Edward Day v. Government of the Virgin Islands*
D.C. Crim. App. No. 1997-0063
Memorandum Opinion
Page 18

Only when "a defendant introduces evidence from which the jury could find the elements of self-defense, [does] the prosecution [bear] the burden of proving its absence beyond a reasonable doubt." *Robinson*, 29 F.3d at 882 (3d Cir. 1994). Here, the defense was not sufficiently raised at trial because Day failed to present evidence from which a reasonable fact-finder could determine that he was exercising his statutory right to act in self-defense or defense of others. *See Marcelle v. People of the Virgin Islands*, No. 2007-0128, 2011 V.I. Supreme LEXIS, at *15 (S.Ct. June 17, 2011) (appellant failed to properly raise defense of property where, in aggravated assault prosecution, there was no evidence that girlfriend attempted to destroy appellant's clothes).

Even if Day had properly raised self-defense or defense of others, his affirmative defense would fail, because he did not act proportionately to any perceived harm to his child. The Virgin Islands Code provides that, "the right of self-defense does not extend to the infliction of more harm than is necessary for the purpose of defense." V.I. CODE ANN. tit. 14, § 43; *see also Carlock v. People of the Virgin Islands*, 54 V.I. 754 (D.V.I. App. Div. 2010); *Gov't of the Virgin Islands v. Robinson*, 29 F.3d 878 (3d Cir. 1994); *see also* V.I. CODE ANN. tit. 14, § 43.

In this instance, DHS employees regularly provided direct care for Day's son at Headstart. As we noted, *supra*, there was no

Case: 3:97-cr-00063-CVG-GWB Document #: 71 Filed: 10/07/15 Page 19 of 19

*Edward Day v. Government of the Virgin Islands*
D.C. Crim. App. No. 1997-0063
Memorandum Opinion
Page 19

evidence of any potential physical offense against Edward Jr. Nonetheless, Day aggressively and physically confronted the three women. Under these circumstances, Day's conduct was not proportionate to any potential harm to his child, because, based on this record, such harm did not exist or, if conceivable, was minimal. Accordingly, Day's self-defense/defense of others argument fails.

## VI. CONCLUSION

For the reasons stated above, the Court will vacate the conviction and sentence imposed and remand this case to the Superior Court with instructions to impose a conviction and sentence that reflect the lesser-included offense of simple assault and battery, unattended by any circumstance of aggravation.[11] *See Josiah*, 641 F.2d at 1108. An appropriate judgment follows.

---

[11] Day has already served the sentence for the greater of the two offenses. Consequently, when the Superior Court imposes a conviction and sentence, the sentence should be for time served.